

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

No. 08-26-00145-CV

In the interest of A.D.A., a child

On Appeal from the 383rd District Court
El Paso County, Texas
Trial Court No. 2016DCM0997

## MEMORANDUM OPINION

On April 9, 2026, Appellant, who is representing himself, filed a notice of appeal stating that he "desire[d] to appeal from the Entry of [Judgment] signed by the Honorable Lyda Ness Garcia on 04/02/2026." The notice characterized the appeal as an accelerated appeal because it involved a termination of parental rights.

Based on the information provided by Appellant, the record was due on April 20, 2026. *See* Tex. R. App. P. 35.1(b). However, no clerk's record was filed on the date due. Instead, the trial court clerk filed a letter indicating that the record would not be filed because "payment has not been received [from] appellant for the clerk's record."

Because Appellant is representing himself, and because his notice of appeal asserted the appeal pertained to a parental termination case, we ordered the trial court clerk to file a special clerk's record by May 4, 2026. The trial court clerk responded on May 1, 2026, and explained that a record could not be delivered because the clerk "was unable to locate an order terminating parental rights, an order dated April 2, 2026, an order declaring indigency, or a statement of inability, or any similarly related documents."

Based on the limited information, it appeared there existed no final judgment or order from which Appellant could appeal. "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Thus, on May 8, 2026, we issued an order requiring Appellant to file a written response, on or before May 21, 2026, showing by citation to the law and to the record, how we have jurisdiction over this appeal. We further required Appellant to file written proof from the trial court clerk showing either that he had paid or arranged to pay for preparation of the clerk's record, or written proof showing he was entitled to appeal without paying the clerk's fee or costs. Appellant filed no response. Thus, Appellant has not shown we have jurisdiction over this appeal, nor has he shown he paid for preparation of the clerk's record or was entitled to appeal without payment of costs.

For these reasons, we dismiss the appeal. *See* Tex. R. App. P. 35.3(a)(2), 37.3(b), 42.3(a), (b), (c). We dismiss any pending motions as moot.

GINA M. PALAFOX, Justice

June 1, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.